UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RONNIE C. ELROD                                                                    PLAINTIFF

V.                              NO. 1:16CV00141-JTR

NANCY A. BERRYHILL,[1]
Acting Commissioner,
Social Security Administration                                                     DEFENDANT

**ORDER**

**I.    Introduction:**

Plaintiff, Ronnie C. Elrod, applied for supplemental security income benefits ("SSI") on March 24, 2014, alleging his disability began on June 1, 2012. (Tr. at 10). His claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 20). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Elrod has requested judicial review.

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

---

[1] Berryhill is now the Acting Commissioner of Social Security and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision:

This is an SSI claim only, which means that the relevant period begins on March 24, 2014, the application date, and runs through the date of the hearing decision, September 10, 2015. (Tr. at 11).

The ALJ found that Elrod had not engaged in substantial gainful activity since the application date (Tr. at 13). At Step Two of the five-step analysis, the ALJ found that Elrod has the following severe impairments: chronic obstructive pulmonary disease; emphysema, degenerative disc disease, and arthritic pain in the hands and hips. *Id*.

After finding that Elrod's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Elrod had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) he could only occasionally bend, stoop, crouch, kneel, crawl, and balance; (2) he would not be able to tolerate excessive exposure to dust, smoke, fumes, and other pulmonary irritants; (3) he would be limited to frequent fingering and handling in the upper extremities; and (4) he could perform work that is simple, routine, and repetitive with supervision that is simple, direct, and concrete. (Tr. at 14). Next, the ALJ found that Elrod was not capable of performing any past relevant work. (Tr. at 19). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that,

2

based on Elrod's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform at the light level with the added limitations, specifically, cashier II and product assembler. (Tr. at 20). Based on that Step Five determination, the ALJ held that Elrod was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

B. Elrod's Arguments on Appeal

Elrod argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ failed to fully develop the record and did not assign an RFC reflective of all of Elrod's limitations.

Elrod suggests that the ALJ should have ordered a consultative physical examination based on his chronic pulmonary problems, emphysema, and back pain. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). An examination is required, however, only if there is not sufficient medical evidence in the record to determine whether a claimant is disabled. *Martise v. Astrue,* 641 F.3d 909, 926–27 (8th Cir. 2011).

Contrary to Elrod's contention that there was no consultative physical examination in this case, Veryl D. Hodges, D.O. (internal medicine), performed a consultative evaluation at the agency's request on April 27, 2015. (Tr. at 18, 487-89). Upon physical exam, Elrod's lungs were clear bilaterally, with no rales, rhonchi, or wheezes. (Tr. at 489). He had good movement of shoulders, elbows, wrists, left

4

hip, both knees, and both ankles. *Id*. Although there was some pain on rotation both internally and externally of the right hip, muscle strength was good in both upper and lower extremities, and there was no evidence of edema or crepitus. *Id*. Elrod could walk heel to toe and Romberg's test was negative. *Id.* Dr. Hodges noted that a heavy wallet was exacerbating Elrod's hip pain. (Tr. at 488).

Dr. Hodges's evaluation was consistent with the other evidence of record. Elrod treated mostly at the emergency room, and failed to show longitudinal care with a treating physician. An examination at the emergency room on February 20, 2014 showed normal breath sounds, clear auscultation, and no rales, rhonci, or wheezing. (Tr. at 314). Another visit on March 15, 2014 showed some wheezing but good air movement. (Tr. at 323). Elrod, an everyday smoker, was urged by doctors to quit smoking; he said that smoking increased his shortness of breath and his inhaler decreased it. (Tr. at 323-324, 329). Despite efforts to quit and his admission that nicotine patches helped with his condition, he was still smoking at the time of the hearing. (Tr. at 15, 51, 71). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005)

Chest x-rays were normal in March and November 2014 (Tr. at 327, 406), and at three doctors' visits in July and August 2014, respiratory exams were normal. (Tr.

at 413, 418, 424). On September 4, 2014 and December 4, 2014, Elrod had no cough or shortness of breath (Tr. at 343, 393). Although in October and November 2014 he was diagnosed with pneumonia, that apparently resolved because there was no further evidence that Elrod sought treatment for respiratory problems. (Tr. at 403-405). On April 27, 2015, pulmonologist Jeffrey Cohen, M.D., did a spirometry test and found that an airway obstruction was significantly improved with a bronchodilator. (Tr. at 476). Also, steroids resolved Elrod's symptoms. (Tr. at 324). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

The bout with pneumonia was an acute episode, and as noted above, clinical respiratory exams were grossly normal. Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Furthermore, Elrod's failure to quit smoking in spite of alleged respiratory problems undermines his claims of disability. *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)(the ALJ correctly discounted claimant's credibility when claimant failed to stop smoking despite physician's orders).

As for Elrod's back pain, numerous musculoskeletal exams were normal with full range of motion, normal gait, and normal muscle tone. (Tr. at 309, 313-315, 323,

6

387, 413, 418, 424). On February 24, 2014, he had a positive straight-leg raise on the right (Tr. at 309), but lumbar and thoracic x-rays in April 2015 were normal, and a cervical x-ray showed only minimal degenerative changes, which were normal for Elrod's age. (Tr. at 480-483). Moreover, on July 29, 2014, when Elrod complained of back pain, he admitted that in spite of lifting restrictions, he had been carrying his young child over the past three days. (Tr. at 422). Again, non-compliance with treatment is a legitimate consideration in evaluation of the validity of a claimant's disability. *Holley v. Massanari*, 253, F.3d 1088, 1092 (8th Cir. 2001). On that note, Elrod also failed to follow the exercise regimen prescribed by his physical therapist over the course of three sessions. (Tr. at 496-498). While Elrod suffered from some impairments, the Court questions his motivation to improve his conditions as suggested by his doctors.

As for the RFC, the opinion evidence from state-agency non-examining medical consultants and from Dr. Hodges supported the limitations the ALJ assigned. (Tr. at 90, 100). A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). The mild objective findings, conservative treatment, positive response to treatment, and failure to follow medical recommendations render Elrod's complaints less than

7

credible; these factors undermine his argument for a more restrictive RFC. In determining the claimant's [RFC], the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of [his] impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ considered the credible medical findings related to back pain and respiratory problems and assigned appropriate limitations in the RFC.

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did appropriately developed the record and the assigned RFC incorporated all of Elrod's credible limitations.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and Elrod's Complaint is DISMISSED, with prejudice.

DATED this 13th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE